■ In the Matter of ANN PENNINIPEDE, Appellant, v NICHOLAS PENNINIPEDE, Respondent. [775 NYS2d 329]—

In related proceedings pursuant to Family Court Act articles 4, 6, and 8, the mother appeals (1) from an order of the Family Court, Nassau County (Foskey, J.), dated October 5, 2000, which, inter alia, awarded the father joint legal custody of the parties' infant children and modified the child support award, and (2), as limited by her brief, from so much of an order of the same court, dated August 16, 2001, as denied her objections to an or-

der of the same court (Miller, H.E.), dated January 8, 2001, which, after a hearing, inter alia, awarded a credit to the father for certain support payments.

Ordered that the order dated October 5, 2000, is modified, on the facts and as a matter of discretion, by (1) deleting the first provision thereof awarding the father joint legal custody of the infant issue of the marriage and substituting therefor a provision awarding the father joint decision-making rights and responsibilities with respect to all health-related decisions involving the child Samantha, and (2) deleting from the second, third, and fourth provisions thereof all references to "the children" and substituting therefor references to "Samantha"; as so modified, the order dated October 5, 2000, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated August 16, 2001, is affirmed insofar as appealed from, without costs or disbursements.

The determination of the Family Court should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Levande v Levande,* 308 AD2d 450 [2003]; *Koppenhoefer v Koppenhoefer,* 159 AD2d 113, 116 [1990]). By order dated October 5, 2000, the Family Court modified the existing custody and support awards. Based on the best interests of the children after consideration of the totality of the circumstances (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94-95 [1982]; *Obey v Degling,* 37 NY2d 768, 769-770 [1975]), the father was entitled to joint decision-making rights and responsibilities with respect to all health-related decisions involving his infant daughter, Samantha. It was unnecessary to award full joint legal custody of Samantha since the father expressed dissatisfaction only with the mother's decisions relating to Samantha's health (*see Trapp v Trapp,* 136 AD2d 178 [1988]). Further, the father did not petition for legal custody of the sons. In addition, the record supports a modification of the child support award to the extent it relates to Samantha, not the other children, as being based on a change of circumstances not anticipated concerning Samantha's health (*see Matter of Gravlin v Ruppert,* 98 NY2d 1 [2002]). The order dated October 5, 2000, is modified accordingly.

With respect to the Family Court order dated August 16, 2001, which, inter alia, denied the mother's objections to the hearing examiner's order dated January 8, 2001, great deference is given to the hearing examiner, who was in the best position to hear and evaluate the evidence as well as the credibility of the witnesses (*see Matter of Commissioner of Social Servs. [Rolle] v Murphy,* 254 AD2d 285 [1998]; *Matter of Tyler v Minott,* 206

AD2d 537, 538 [1994]). The evidence in the record supports the court's determination.

The mother's remaining contentions are without merit. Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.