In the Matter of ALBA LUCIA RING, Respondent-Appellant, v JOHN D. RING, Appellant-Respondent. [790 NYS2d 51]—

In two related family offense proceedings pursuant to Family Court Act article 8, and a related child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (DePhillips, J.), dated October 29, 2003, as, after a hearing, in effect, awarded joint legal custody of the subject child to the parties, physical custody of the child to the mother, and directed the father to stay away from the child while under the influence of marijuana, and the mother cross-appeals, as limited by her brief, from so much of the same order, as granted joint legal custody of the subject child to the parties, gave the father primary responsibility for major medical and financial issues regarding the child, and dismissed the family offense petition brought by her against the father as academic.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Both parties sought sole custody of their son Nicholas James Ring, born January 4, 1998, who is the sole issue of the parties' 11-year marriage. The father filed a family offense petition in October 2001 alleging that the mother physically abused him and Nicholas, and the Family Court issued an ex parte temporary order of protection against the mother. Shortly thereafter, the mother filed both a family offense cross petition against the father alleging an ongoing history of physical and emotional abuse by him and a petition for sole custody of Nicholas. The Family Court issued a temporary order of protection against the father and held a joint hearing on all three petitions.

During the pendency of the two-year fact-finding hearing, which included approximately 40 appearances, the Family Court, inter alia, heard extensive testimony from the parties and their relatives, and reviewed reports prepared by approximately eight different therapists. Multiple temporary orders of visitation were issued during the pendency of the proceedings. The last such order issued in May 2002, awarding the mother and father five consecutive days of visitation on alternating weeks, was in effect until the order dated October 29, 2003, appealed from here.

The record established that both parties were adequate and loving parents, yet both parties evinced certain deficiencies. Accordingly, the Family Court determined that it would be in the best interests of Nicholas to award joint legal custody to the parties, giving the mother ultimate decision-making authority over Nicholas's day-to-day educational and religious issues and the father ultimate decision-making authority over Nicholas's major medical and financial issues, and to award physical custody of Nicholas to the mother with liberal visitation to the father on the first three weekends of each month from 9:00 A.M. Saturday to 6:00 P.M. Sunday.

The Family Court is in the best position to evaluate the credibility and character of the parties and the various witnesses (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]). Factors to be considered in determining the child's best interest include: "the quality of the home environment and the parental guidance the custodial parent provides for the child . . . the ability of each parent to provide for the child's emotional and intellectual development . . . the financial status and ability of each parent to provide for the child . . . the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect" (*Matter of Walton v Walton,* 306 AD2d 491, 492 [2003] [internal quotation marks omitted]). Based on the totality of the circumstances (*see Eschbach v Eschbach, supra*), the Family Court's determination had a sound and substantial basis in the record, and was in the best interests of Nicholas (*see Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-94 [1982]; *see also Braiman v Braiman,* 44 NY2d 584 [1978]; *Matter of Rosario WW. v Ellen WW.,* 309 AD2d 984 [2003]; *Mars v Mars,* 286 AD2d 201, 202-203 [2001]; *Matter of Yetter v Jones,* 272 AD2d 654, 655 [2000]).

The parties' remaining contentions are without merit. Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.