■ In the Matter of ERIN VIALARDI, Respondent, v ROBERT VIALARDI, Appellant. (Proceeding No. 1.) In the Matter of ROBERT VIALARDI, Appellant, v ERIN VIALARDI, Respondent. (Proceeding No. 2.) [888 NYS2d 419]—In related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Klein, J.), dated November 25, 2008, as, after a hearing, awarded the mother final decision-making authority for the subject child.

■ In the Matter of ERIN VIALARDI, Appellant, v ROBERT VIALARDI, Respondent. (Proceeding No. 1.) In the Matter of ROBERT VIALARDI, Respondent, v ERIN VIALARDI, Appellant. (Proceeding No. 2.) [888 NYS2d 435]—In related custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Klein, J.), dated March 25, 2009, as awarded the father liberal visitation with the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In adjudicating custody and visitation issues, the paramount concern is the best interests of the child (*see* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Waldron v Dussek*, 48 AD3d 471, 472 [2008]). The Family Court's determination in such matters is generally accorded great deference on appeal and should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173). Here, the Family Court's determination awarding liberal visitation to the father had a sound and substantial basis in the record (*see Matter of Ring v Ring*, 15 AD3d 406, 407 [2005]). Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.