# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

181
CAF 10-01930
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF YASMANY DELGADO,
PETITIONER-RESPONDENT-RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

JUSTINA FRIAS,
RESPONDENT-PETITIONER-APPELLANT.

---

LEAH K. BOURNE, ROCHESTER, FOR RESPONDENT-PETITIONER-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered August 6, 2010 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded the parties joint physical and legal custody of their children and divided their decision-making authority.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent-petitioner mother appeals from an order that awarded the parties joint physical and legal custody of their children, granted petitioner-respondent father sole decision-making authority with respect to the children's educational and extracurricular activities and granted the mother sole decision-making authority with respect to the children's medical and religious interests. Contrary to the contention of the mother, Family Court properly refused to award her primary physical custody of the children. "Both parties sought primary physical custody, and the court's determination that joint physical custody is in the children's best interests is supported by a sound and substantial basis in the record and thus will not be disturbed" (*Wideman v Wideman*, 38 AD3d 1318, 1319 [internal quotation marks omitted]). Contrary to the mother's further contention, given the parties' past acrimony, the court properly determined "that it was appropriate to divide the decision-making authority with respect to the children" (*id.; see Matter of Ring v Ring*, 15 AD3d 406, 407).

Entered:  February 10, 2012                          Frances E. Cafarell
                                                     Clerk of the Court