In a custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Cammer, J.H.O.), dated August 10, 2011, as, after a hearing, denied his petition for sole custody of the subject child, in effect, granted the mother’s cross petition for sole custody of the subject child, and awarded the mother decision-making authority with respect to the child’s education.
Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the mother decision-making authority with respect to the subject child’s education, and substituting therefor a provision awarding the father decision-making authority with respect to the child’s education; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167 [1982]), which requires evaluation of the “totality of [the] circumstances” (Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96 [1982]). Here, the Family Court fashioned an appropriate award of sole custody to the mother, which provides for the father’s visitation with the subject child (see Matter of Vialardi v Vialardi, 67 AD3d 921 [2009]; Matter of Edwards v Rothschild, 60 AD3d 675, 677-678 [2009]; Allain v Allain, 35 AD3d 513, 513-514 [2006]).
When joint custody is not possible because of the antagonistic *897 relationship between the parties (see Braiman v Braiman, 44 NY2d 584, 591 [1978]; Robinson v Robinson, 111 AD2d 316, 318 [1985]), it may be appropriate, depending upon the particular circumstances of the case, to award some custodial decision-making authority to the noncustodial parent (see Chamberlain v Chamberlain, 24 AD3d 589, 591 [2005]; Matter of Ring v Ring, 15 AD3d 406 [2005]; Matter of Penninipede v Penninipede, 6 AD3d 445, 446 [2004]). The division of authority should be made in a manner intended to take advantage of the strengths and abilities of the noncustodial parent with respect to a particular dimension of child-rearing (see Chamberlain v Chamberlain, 24 AD3d at 591; Matter of Penninipede v Penninipede, 6 AD3d at 446; Mars v Mars, 286 AD2d 201, 202-203 [2001]).
The Family Court’s determination that it would be in the child’s best interests to award the mother decision-making authority with respect to the child’s education is not supported by a sound and substantial basis in the record. The father researched educational options for the subject child at every stage of his schooling. Once the child started school and began receiving homework assignments, the father supervised his homework, took part in school-related activities, and remained involved with his schooling at every stage. The father contacted the child’s teachers regarding issues of concern.
The mother was considerably less involved with the child’s schooling. She maintained a strong preference for a private-school education at a particular school, attendance at which had been a tradition within her family. However, she failed to demonstrate that the school she preferred was a better choice for the child than public school, or that the tuition at the private school was within the parties’ means.
Accordingly, we modify the order to direct that the father have decision-making authority with respect to the child’s education (see Chamberlain v Chamberlain, 24 AD3d at 592; Matter of Ring v Ring, 15 AD3d at 406; Matter of Penninipede v Penninipede, 6 AD3d at 446). Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.