In the Matter of KAYLA BIENER, Respondent-Appellant, v YOEL BIENER, Appellant-Respondent. [35 NYS3d 653]—

Appeal and cross appeal from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), dated May 7, 2015. The order, after a hearing, in effect, granted the father's petition for custody of the parties' children, denied the mother's petition for custody of the parties' children, and awarded unsupervised visitation to the mother.

Ordered that the order is affirmed, without costs or disbursements.

The parties married in 2006, and had three children. They separated in 2012. They both filed petitions for custody, and, following a trial, the Family Court awarded custody to the father, and unsupervised visitation to the mother. The father appeals, arguing that the mother should not have unsupervised visits with the children. The mother cross-appeals, arguing that awarding the father custody was against the children's best interests.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167 [1982]), which requires evaluation of the "totality of [the] circumstances" (Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96 [1982]). Here, the Family Court fashioned an appropriate award of custody to the father, which provides for the mother's unsupervised visitation with the parties' children (see Jacobs v Young, 107 AD3d 896 [2013]; Matter of Vialardi v Vialardi, 67 AD3d 921 [2009]; Matter of Edwards v Rothschild, 60 AD3d 675, 677-678 [2009]; Allain v Allain, 35 AD3d 513, 513-514 [2006]). In so doing, the court properly accorded sufficient weight to the children's need for stability and the impact of uprooting them from their current home, where they have lived since 2012 (see Matter of Sidorowicz v Sidorowicz, 101 AD3d 737, 738 [2012]; Matter of Moran v Cortez, 85 AD3d 795, 796-797 [2011]). Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.