■ In the Matter of AMANDA MASSAY, Petitioner, v RAMON MANOYRINE, Respondent, and RAMON M., JR., et al., Appellants.
[52 NYS3d 415]—

Appeal by the children from an order of the Family Court, Kings County (Adam Silvera, J.), dated July 21, 2015. The order, after a hearing, inter alia, in effect, denied the mother's petition for sole custody of the children.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing on the mother's petition for sole custody of the children, to be held with all convenient speed and in accordance herewith, and for a new determination of the petition thereafter; and it is further,

Ordered that pending the new hearing and determination of the petition, the provisions of the order dated July 21, 2015, regarding custody and visitation shall remain in effect.

The parties are married and are the parents of two children. After the birth of the first child, the family moved from Brooklyn to Baldwin in July 2008, after buying a home. In 2012, the parties separated, and the mother moved back to Brooklyn. Although the mother took the children with her when she moved out, due to her work schedule, the parties informally agreed that the father would have parenting time with the children from Tuesday after school until Friday mornings, and occasionally for a full weekend. The father worked in Brooklyn and the children attended a private school in Brooklyn. In April 2014, the mother filed a petition for sole legal and physical custody of the children. Following the hearing, the court awarded decision-making authority over the children's education to the father, and over the children's health and religious upbringing to the mother. The court also awarded primary physical custody to the father, but based upon the recommended visitation schedule proposed by one of the children, awarded the mother parenting time with the children during the school year from Sunday afternoon until Wednesday morning, and awarded the father parenting time with the children from Wednesday afternoon until Sunday morning. The children appeal, arguing that the court should have awarded the

parties joint legal custody, and the mother sole physical custody.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining an initial petition for child custody, the totality of the circumstances includes, but is not limited to, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]; *see Matter of Tinger v Tinger*, 108 AD3d 569, 570 [2013]; *Matter of Swinson v Brewington*, 84 AD3d 1251, 1253 [2011]). "Primary among [the] circumstances to be considered is the quality of the home environment and the parental guidance the custodial parent provides for the child" (*Eschbach v Eschbach*, 56 NY2d at 172). Nevertheless, the court must consider the totality of the circumstances and "the existence or absence of any one factor is not determinative" (*Matter of Bowe v Bowe*, 124 AD3d 645, 646 [2015]).

Moreover, while this Court accords great deference on appeal to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Connolly v Walsh*, 126 AD3d 691, 693 [2015]; *Matter of Noonan v Noonan*, 109 AD3d 827, 828 [2013]), its authority in custody matters is as broad as that of the hearing court (*see Mohen v Mohen*, 53 AD3d 471, 473 [2008]; *Young v Young*, 212 AD2d 114, 117 [1995]). "Although the credibility determination of the hearing court, which saw and heard the witnesses, is entitled to great deference, its custody determination will not be upheld where it lacks a sound and substantial basis in the record" (*Matter of Moore v Gonzalez*, 134 AD3d 718, 720 [2015]).

Here, the Family Court's order lacked a sound and substantial basis. The award to the father of decision-making authority over the children's education was inconsistent with the parenting schedule established by the court. During the hearing, the father testified that if he was awarded custody, the children would attend public school in Baldwin, rather than their private school in Brooklyn. However, pursuant to the parenting schedule established by the court, the children would be spending Monday through Wednesday morning in Brooklyn

with the mother, despite the fact that they would be attending school in Baldwin. This arrangement does not promote stability for the children, lacks a sound and substantial basis in the record, and does not serve the best interests of the children. Accordingly, we remit the matter to the Family Court, Kings County, for a new hearing and determination of the mother's petition for sole custody of the children, to be held with all convenient speed (*see Matter of Sims v Boykin*, 130 AD3d 835, 837 [2015]; *Matter of Nalty v Kong*, 59 AD3d 723, 724 [2009]; *Matter of Roldan v Nieves*, 51 AD3d 803, 806 [2008]).

In light of our determination, we need not reach the remaining contention. Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.