Matter of E.D. v D.T. (2017 NY Slip Op 05592)





Matter of E.D. v D.T.


2017 NY Slip Op 05592


Decided on July 12, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 12, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-05602
 (Docket Nos. V-1168/12 and V-900/14)

[*1]In the Matter of E.D. (Anonymous), respondent,
v
D.T. (Anonymous), appellant. (Action No.1)
In the Matter of D.T. (Anonymous), appellant,
v
E.D. (Anonymous), respondent. (Action No. 2)


Angela Scarlato & Associates, Brooklyn, NY (Henry James Joseph and Cody I. Paul of counsel), for appellant.
Michael B. Palillo, P.C. New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Barbara H. Dildine of counsel), attorney for the child.



DECISION & ORDER
Appeal by the mother from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated February 17, 2016. The order, insofar as appealed from, after a hearing, awarded the father decision-making authority with respect to the subject child's education and directed the mother to not permit the maternal grandmother to be alone with the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child together. In July 2012, the father filed a petition in the Family Court for joint custody of the child and in September 2012, the mother filed a petition in the Family Court for sole custody of the child. The petitions were transferred to the Integrated Domestic Violence Part of the Supreme Court. At the beginning of the fact-finding hearing, the father withdrew his petition for joint custody of the child. The father thereafter re-filed a petition seeking sole legal and residential custody of the child. In an order dated February 17, 2016, the Supreme Court, inter alia, awarded the parties joint legal custody of the child with residential custody to the mother. The court awarded the mother decision-making authority with respect to the child's medical care, and awarded the father decision-making authority with respect to the child's education. The court also found that the maternal grandmother interfered with the father's relationship with the child and was a danger to the child, and directed that the mother not permit the maternal grandmother to be alone with the child. The mother appeals.
"When joint custody is not possible because of the antagonistic relationship between the parties, it may be appropriate, depending upon the particular circumstances of the case, to award [*2]some custodial decision-making authority to the noncustodial parent" (Jacobs v Young, 107 AD3d 896, 897 [internal citations omitted]; see Chamberlain v Chamberlain, 24 AD3d 589, 591; Matter of Ring v Ring, 15 AD3d 406; Matter of Penninipede v Penninipede, 6 AD3d 445, 446). "The division of authority is usually made either somewhat evenly, in order to maintain the respective roles of each parent in the child's life or, although unevenly, in a manner intended to take advantage of the strengths, demonstrated ability, or expressed interest of the noncustodial parent with respect to a particular dimension of child-rearing" (Chamberlain v Chamberlain, 24 AD3d at 592 [citations omitted]; see Jacobs v Young, 107 AD3d at 897).
Here, there was a sound and substantial basis for the Supreme Court's determination that the father should have decision-making authority with respect to the child's education, even though the mother was awarded decision-making authority with respect to the child's medical care (see Matter of Hardy v Figueroa, 128 AD3d 824, 826; Matter of Ring v Ring, 15 AD3d at 407; Mars v Mars, 286 AD2d 201; cf. Rubin v Della Salla, 107 AD3d 60, 64). The court was not required to follow the recommendation of the forensic evaluator that the mother should have decision-making authority with respect to the child's education. The evaluator's recommendation, which was made two years before the court rendered its determination, was not determinative and did not usurp the judgment of the court (see Cunningham v Brutman, 150 AD3d 815; Matter of Pitt v Reid, 111 AD3d 946; Matter of Nikolic v Ingrassia, 47 AD3d 819, 821).
There was a sound and substantial basis for the Supreme Court to direct that the mother not permit the maternal grandmother to be alone with the child (see generally Matter of Rosetta BB. v Joseph DD., 125 AD3d 1205, 1207; Matter of Mayo v Mayo, 63 AD3d 1207, 1209; Bohnsack v Bohnsack, 185 AD2d 533, 535).
The mother's contention that the Supreme Court was biased against her, depriving her of a fair and impartial hearing, is without merit. Taken as a whole, the record reveals that the hearing was conducted in a fair manner (see Matter of Filipowski v Sullivan-Tirelli, 139 AD3d 1063, 1064). Additionally, the mother's contention that the court improperly limited further testimony from two of her fact witnesses is unpreserved for appellate review (see Matter of Culberson v Fisher, 130 AD3d 827, 829; Matter of Kleevuort C. [Fredlyn V.], 84 AD3d 1371).
The remaining contention of the attorney for the child is without merit.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court