Walter v Walter (2019 NY Slip Op 09056)





Walter v Walter


2019 NY Slip Op 09056


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2019-03402
 (Index No. 16428/14)

[*1]Arnold Walter, respondent,
v
Judy Walter, appellant.


Fersch LLC, New York, NY (Patricia Fersch of counsel), for appellant.
Wisselman, Harounian & Associates, P.C., Great Neck, NY (Jordan E. Trager of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment entered January 11, 2018, the defendant appeals from an order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), dated January 28, 2019. The order, insofar as appealed from, without a hearing, granted that branch of the plaintiff's motion which was to modify a so-ordered stipulation of custody dated April 27, 2012, which was incorporated but not merged into the parties' judgment of divorce, so as to award him final decision-making authority with respect to the parties' child.
ORDERED that the order dated January 28, 2019, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the appointment of an attorney to represent the interests of the child, and thereafter for a hearing and a new determination of that branch of the plaintiff's motion which was to modify the so-ordered stipulation of custody so as to award him final decision-making authority with respect to the child.
The parties have one child, born in February 2005. The parties were divorced by a judgment entered January 11, 2018, which incorporated, but did not merge, a so-ordered stipulation of custody dated April 27, 2012, and a stipulation of settlement dated June 29, 2017. In the stipulation of custody, the parties agreed that they would share joint legal custody of the child, that the plaintiff would have primary residential custody of the child, and that the defendant would have parenting time. The stipulation of custody further provided, inter alia, that except in cases of emergency, the parties would "consult with each other, reasonably in advance of making any major or significant decision concerning [the child's] health (including medical care providers), education and/or religious training."
In December 2018, the plaintiff moved to modify the stipulation of custody so as to award him sole custody of the child and final decision-making authority with respect to the child. The plaintiff argued, among other things, that the defendant had for years refused to cooperate in [*2]taking the child to therapy appointments, tutors, and after-school activities. The defendant opposed the plaintiff's motion, contending, inter alia, that the plaintiff made decisions for the child without consulting her, and that her input had resulted in a proper evaluation of the child by a neuropsychiatrist and the placement of the child in the appropriate school.
In an order dated January 28, 2019, the Supreme Court, without a hearing, denied that branch of the plaintiff's motion which was to modify the stipulation of custody so as to award him sole custody of the child. However, the court granted that branch of the plaintiff's motion which was to award him final decision-making authority with respect to the child. The defendant appeals from that portion of the order.
"Modification of a court-approved stipulation setting forth terms of custody or [parental access] is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the best interests and welfare of the child" (Greenberg v Greenberg, 144 AD3d 625, 629; see Hughes v Hughes, 131 AD3d 1207, 1208; Anonymous 2011-1 v Anonymous 2011-2, 102 AD3d 640, 641). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171; Goldstein v Goldstein, 68 AD3d 717, 720). "Where . . . facts essential to the best interests analysis, and the circumstances surrounding such facts, remain in dispute, a hearing is required" (Matter of Jaimes v Gyerko, 165 AD3d 1135, 1137; see S.L. v J.R., 27 NY3d 558, 564).
In view of the parties' disputed factual allegations in this case, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to modify the stipulation of custody so as to award him final decision-making authority with respect to the child without a hearing to determine whether an award of final decision-making authority to the plaintiff was in the best interests of the child (see Goldstein v Goldstein, 68 AD3d at 720; cf. Matter of E.D. v D.T., 152 AD3d 583, 584; Jacobs v Young, 107 AD3d 896, 896-897). Furthermore, under the circumstances of this case, the interests of the child should be independently represented (see Anonymous 2011-1 v Anonymous 2011-2, 102 AD3d at 642; Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117).
Accordingly, we remit the matter to the Supreme Court, Queens County, for the appointment of an attorney to represent the interests of the child, and thereafter for a hearing and a new determination of that branch of the plaintiff's motion which was to modify the stipulation of custody so as to award him final decision-making authority with respect to the child.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court