Matter of Lopez v Noreiga (2020 NY Slip Op 02267)





Matter of Lopez v Noreiga


2020 NY Slip Op 02267


Decided on April 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-14252
 (Docket Nos. V-22534-11, V-31736-11)

[*1]In the Matter of Kory Lopez, appellant,
v
Korii Noreiga, respondent. (Proceeding No. 1.)
In the Matter of Korii Noreiga, respondent,
v
Kory Lopez, appellant. (Proceeding No. 2.)


Jill M. Zuccardy, New York, NY, for appellant.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Dean Kusakabe, J.), dated September 28, 2018. The order, after a hearing, in effect, granted that branch of the mother's petition which was for sole physical custody of the parties' child, denied that branch of the father's petition which was for sole physical custody of the child, awarded the parties joint legal custody of the child, with final decision-making authority to the mother, and awarded parental access to the father.
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting from paragraph 6(a) thereof the provision directing that the father's weekend parental access shall commence on Friday at 5:00 p.m. and conclude on Sunday at 7:00 p.m., with parental access exchanges at the maternal grandmother's home in Brooklyn, and substituting therefor a provision directing that the father's weekend parental access shall commence on Friday at the end of the child's regular school day or at the end of after-school activities, with pick-up at the child's school, and, if pick-up at the school is not possible, upon prior notice to the mother, pick-up shall be at the maternal grandmother's home in Brooklyn, and parental access shall conclude on Sunday at 7:00 p.m., with drop-off at the maternal grandmother's home in Brooklyn, and (2) by deleting from paragraph 6(b) thereof the provisions directing that on long weekends that run from Friday through Sunday, the father's parental access shall commence the Thursday before the weekend, at 5:00 p.m., and on long weekends that run from Saturday through Monday, the father's parental access shall commence as regularly scheduled, on Friday at 5:00 p.m., and substituting therefor provisions directing that on long weekends that run from Friday through Sunday, the father's parental access shall commence the Thursday before the weekend, at the end of the child's regular school day or at the end of after-school activities, and on long weekends that run from Saturday through Monday, the father's parental access shall commence as regularly scheduled, on Friday at the end of the child's regular school day or at the end of after-school activities; as so modified, the order is affirmed, without costs or disbursements.
The parties are the parents of one child, who was born in September 2009. At the time of the child's birth, the parties resided in Georgia. However, in approximately December 2010, the mother moved with the child to New York, while the father remained in Georgia. In 2011, both parties petitioned for sole legal and physical custody of the child. After a hearing, which consisted of 9 days over a period of approximately 1¾ years, and an in camera interview with the child, the Family Court, in effect, granted that branch of the mother's petition which was for sole physical custody of the child, denied that branch of the father's petition which was for sole physical custody of the child, awarded the parties joint legal custody of the child, with final decision-making authority to the mother, and awarded parental access to the father. The father appeals.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049, citing Eschbach v Eschbach, 56 NY2d 167, 171). "A court deciding an initial petition for child custody must consider the totality of the circumstances, including, but not limited to, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Matter of Ivory B. v Shameccka D.B., 121 AD3d 674, 674-675, quoting Matter of Supangkat v Torres, 101 AD3d 889, 890). "The existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Matter of Wood v Lozada, 152 AD3d 531, 532 [internal quotation marks omitted]). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d at 1049).
Here, the Family Court's determination to award sole physical custody of the child to the mother is supported by a sound and substantial basis in the record and will not be disturbed. The record demonstrates that although both parties are loving and fit parents, the child had been residing with the mother for the majority of his life; that the child, who was nearly nine years old at the time of the in camera interview, expressed a desire to continue residing with the mother; and that the child's younger half-sister, with whom the child has a close relationship, also resides in the mother's home. "Courts will not disrupt sibling relationships unless there is an overwhelming need to do so" (Matter of Shannon J. v Aaron P., 111 AD3d 829, 831, citing Eschbach v Eschbach, 56 NY2d at 173). In addition, the preference of the child, while not determinative, is a factor to be considered and is entitled to some weight (see Matter of Mejia v Llarena, 172 AD3d 720, 722; Matter of Cole v Nofri, 107 AD3d 1510, 1511).
Furthermore, the Family Court's determination that the child's best interests would be served by awarding the parties joint legal custody, with final decision-making authority to the mother, has a sound and substantial basis in the record (see Matter of Batista v Falcon, 148 AD3d 698, 699; Matter of Zall v Theiss, 144 AD3d 831, 833; Prohaszka v Prohaszka, 103 AD3d 617, 618). There is no evidence in the record that calls into question the mother's ability to make appropriate decisions for the child. Moreover, we agree with the court's determination to include a provision in the order requiring the mother to first consult with the father with respect to all major issues concerning the child prior to exercising her final decision-making authority (cf. Prohaszka v Prohaska, 103 AD3d at 617; Matter of Vialardi v Vialardi, 67 AD3d 921, 921). In doing so, the court struck an appropriate balance between the need for stability in the child's daily life and the father's concern that he would be excluded from participating in the child's upbringing.
Nevertheless, we agree with the father that he should be permitted to begin his weekend parental access with the child by picking the child up from school, which is consistent with the terms of the most recent temporary orders of parental access that had been issued by the Family Court. This modification would serve the best interests of the child by fostering the father's continued involvement in the child's schooling and maximizing the amount of parenting time between the father and the child (see generally Matter of Yegnukian v Kogan, 179 AD3d 1085; Matter of Sanders v Ballek, 136 AD3d 676, 677-678). Accordingly, we modify the order as [*2]indicated.
The father's remaining contentions are without merit.
As a final note, we express concern regarding the lengthy period of time that elapsed between the commencement of the custody hearing, which was held on 9 nonconsecutive days beginning in October 2016, and its conclusion nearly 1¾ years later in July 2018, and the additional 2 months that elapsed before the Family Court reached its determination in September 2018.
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court