Matter of Marino v Sanfilippo (2021 NY Slip Op 00432)





Matter of Marino v Sanfilippo


2021 NY Slip Op 00432


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


[*1]In the Matter of Joann Marino, respondent-appellant,
v
Francesca Sanfilippo, appellant-respondent, Frank Garcia, Sr., et al., respondents-respondents. (Proceeding No 1.)
In the Matter of Julio Castro, petitioner-respondent,
v
Francesca Sanfilippo, appellant, Administration for Children's Services, respondent-respondent. (Proceeding No 2.)


Christian P. Myrill, Jamaica, NY, for appellant-respondent in Proceeding No. 1 and appellant in Proceeding No. 2.
David Laniado, Cedarhurst, NY, for respondent-appellant in Proceeding No. 1.
James E. Johnson, Corporation Counsel, New York, NY (MacKenzie Fillow and Cynthia Kao of counsel), for respondent-respondent Administration for Children's Services.
Austin I. Idehen, Jamaica, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 10, (1) the mother appeals from a decision of the Family Court, Queens County (Diane Costanzo, J.), dated November 19, 2019, (2) the mother appeals, and the paternal grandmother of the child Frank G. cross-appeals, from an order of the same court dated December 20, 2019, and (3) the mother appeals from a second order of the same court also dated December 20, 2019. The first order dated December 20, 2019, insofar as appealed from, upon the decision, granted the paternal grandmother's petition for custody of Frank G., awarded custody of Frank G. to the paternal grandmother, and granted certain parental access to the mother. The first order dated December 20, 2019, insofar as cross-appealed from, granted the mother parental access of "at least two weeks each summer." The second order dated December 20, 2019, granted the custody petition of Julio C., the father of Kelsey C., awarded him custody of Kelsey C., and granted the mother certain parental access.
ORDERED that the appeal from the decision is dismissed, without costs or [*2]disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the first order dated December 20, 2019, is modified, on the law, (1) by deleting the provision thereof granting the mother parental access with Frank G. for "at least two weeks each summer," and (2) by adding a provision thereto providing that the paternal grandmother must consult with the mother prior to exercising her final decision-making authority for Frank G.; as so modified, the first order dated December 20, 2019, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the second order dated December 20, 2019, is modified, on the law, by adding a provision thereto providing that the father must consult with the mother prior to exercising his final decision-making authority for Kelsey C.; as so modified, the second order dated December 20, 2019, is affirmed, without costs or disbursements.
These related proceedings concern the custody of two children, Frank G. and Kelsey C., following a finding of neglect against the mother. After a combined fact-finding and dispositional hearing, the Family Court granted the petition of Frank G.'s paternal grandmother and awarded her custody of him. The court also granted the petition of Kelsey C.'s father and awarded him custody of her.
Pursuant to Domestic Relations Law § 72, where a grandparent can demonstrate the existence of extraordinary circumstances, such grandparent may petition the court, and the court may make such directions as the best interests of the child may require, for custody (see Domestic Relations Law § 72[2][a]). Contrary to the mother's contention, the paternal grandmother established standing to seek custody of Frank G. through the demonstration of extraordinary circumstances (see Domestic Relations Law § 72[2][b]; Matter of Suarez v Williams, 26 NY3d 440, 453-454). Moreover, there is a sound and substantial basis in the record for the Family Court's determination that the best interests of the child would be served by an award of sole legal and physical custody to the grandmother subject to the mother's parental access (see Matter of Davis v Delena, 159 AD3d 900, 901). However, the provision in the order which granted the mother parental access with Frank G. for "at least two weeks each summer" is inconsistent with the court's finding in its decision that "the children [were not] ready to commence overnights or spend long intervals of [parental access] with the mother," and lacks a sound and substantial basis in the record. Accordingly, that provision is deleted from the first December 20, 2019 order on appeal. The parental access with Frank G. otherwise awarded by the court was adequate.
"'[T]he [Family] Court has broad discretion in fashioning a remedy in matters of custody and visitation, with the paramount concern being the best interests of the child'" (Matter of Lew v Lew, 152 AD3d 520, 521, quoting Cervera v Bressler, 109 AD3d 780, 781 [internal quotation marks omitted]). "Since [a] noncustodial parent is entitled to meaningful visitation, the denial of that right must be based on substantial evidence that visitation would be detrimental to the welfare of the child" (Matter of Rambali v Rambali, 102 AD3d 797, 799 [internal quotation marks omitted]). Here, the Family Court's determination that the mother have parental access with Kelsey C. for four hours every other week has a sound and substantial basis in the record.
However, the Family Court should have directed the father of Kelsey C. and the paternal grandmother of Frank G. to consult with the mother regarding any issues involving the children's health, medical care, education, religion, and general welfare prior to exercising their final decision-making authority (see Matter of Vialardi v Vialardi, 67 AD3d 921, 921).
The recommendations of the court-appointed forensic evaluator, although not determinative, are entitled to some weight, unless contradicted by the evidence (see Matter of Dante v Dante, 170 AD3d 829). Contrary to the mother's contention, the recommendations of the forensic evaluator are not contrary to the record evidence and were properly considered by the Family Court.
The mother's remaining contentions either are without merit or need not be reached [*3]in light of our determination.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court