Matter of Frank G. v Crystal C. (2021 NY Slip Op 05457)





Matter of Frank G. v Crystal C.


2021 NY Slip Op 05457


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Index No. V16914-18/19B Appeal No. 14337 Case No. 2020-03312 

[*1]In the Matter of Frank G., Petitioner-Respondent,
v
Crystal C., Respondent-Appellant. Docket No.


Bruce A. Young, New York, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Karen Freedman, Lawyers for Children, New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about July 29, 2020, which, to the extent appealed from as limited by the briefs, granted petitioner father's petition for modification of a prior custody order by awarding joint legal custody to the parents, with the father having final decision-making authority regarding issues involving the child's education, medical care, and extracurricular activities, unanimously affirmed, without costs.
The father demonstrated a sufficient change in circumstances to warrant modification of the custody order by showing that, since the 2013 final order of custody was issued, his parenting time with the child had significantly increased from two overnight visits per month to at least two nights per week as well as additional daytime visits. Additionally, the father had taken a proactive role in the child's medical and developmental care. He took him to medical and dental appointments and arranged for the child to be evaluated at the recommendation of his teacher. These developments when paired with the child's desire for the father to have a greater input into his care warranted an inquiry into whether the custody order, issued in 2013, was still serving the child's best interests (see Family Court Act § 652[a]; Eschbach v Eschbach, 56 NY2d 167 [1982]).
The court's determination that joint legal custody was in the best interests of the child, with the mother retaining residential custody, is also supported by a sound and substantial basis in the record. While it appears that the parents' relationship has been rocky and disagreeable, there is no evidence that the joint custody arrangement would be unworkable (see Matter of Koegler v Woodard, 96 AD3d 454, 458 [1st Dept 2012]; Abrams v Abrams, 159 AD2d 450 [1st Dept 1990]). Additionally, the Family Court considered all the relevant factors, including a history of domestic violence, and properly concluded that it was not precluded from issuing an order of joint custody in this case (see Matter of Bunita B. v Mark P., 166 AD3d 565 [1st Dept 2018]).
Furthermore, there was a sound and substantial basis for the Family Court's determination that the father should have decision-making authority with respect to the child's education, medical care, and extracurricular activities (see Jacobs v Young, 107 AD3d 896, 897 [2d Dept 2013]; Matter of Ring v Ring, 15 AD3d 406 [2d Dept 2005]). The mother had been significantly less involved in monitoring and arranging for the child's medical, educational, and extracurricular needs than the father, who had taken a proactive role in attending to the child's needs in those areas.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021