Matter of Mahoney v Hughes (2024 NY Slip Op 02707)

Matter of Mahoney v Hughes

2024 NY Slip Op 02707

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-02397
 (Docket No. V-3980-19/22D)

[*1]In the Matter of Ryan Patrick Mahoney, respondent,
v
Lauren Rita Hughes, appellant.

Friedman & Friedman, PLLC, Garden City, NY (Crystal S. Pannell of counsel), for appellant.
Cheryl Mallis, Garden City, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), dated February 8, 2023. The order, insofar as appealed from, after a hearing, granted those branches of the father's petition which were to modify a so-ordered stipulation of custody dated March 29, 2022, so as to award him final decision-making authority with respect to the parties' child's educational and medical needs.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the father's petition which was to modify the so-ordered stipulation of custody so as to award him final decision-making authority with respect to the child's educational needs, and substituting therefor a provision denying that branch of the petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child together, born in October 2018. Pursuant to a so-ordered stipulation of custody dated March 29, 2022, the parties agreed that the mother would have residential custody of the child and that the parents would have joint legal custody, with the mother having final decision-making authority. In April 2022, the father filed a petition to modify the so-ordered stipulation of custody so as to award him sole physical custody on an emergency basis. After a hearing, the Family Court granted those branches of the father's petition which were to modify the so-ordered stipulation of custody so as to award him final decision-making authority with respect to the child's educational and medical needs. The mother appeals.
Initially, the court attorney referee did not exceed her jurisdiction by determining this matter, since, contrary to the mother's contention, the record demonstrates that both parties stipulated to have this matter heard and determined by a court attorney referee (see Matter of Moran v Lane, 218 AD3d 687, 688).
"'In order to modify an existing custody or parental access arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child'" (Matter of Martinez v Gaddy, 223 AD3d 816, 817, quoting Matter of LaPera v Restivo, 202 AD3d 788, 789). "'The paramount concern when making such a determination is the [*2]best interests of the child under the totality of the circumstances'" (Matter of Martinez v Gaddy, 223 AD3d at 817, quoting Matter of Cabano v Petrella, 169 AD3d 901, 902; see Eschbach v Eschbach, 56 NY2d 167, 171-172). "The Family Court is in the best position to evaluate the credibility of the witnesses and its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Pierce v Caputo, 214 AD3d 877, 879; see Matter of Turcios v Cordero, 173 AD3d 1048, 1049). "When an antagonistic relationship exists between the parties, it may be appropriate, depending upon the particular circumstances of the case, to give each party decision-making authority in separate areas" (Matter of Steingart v Fong, 156 AD3d 794, 796; see Chamberlain v Chamberlain, 24 AD3d 589, 592).
Here, the Family Court's determination that the father established that there had been a change in circumstances such that modification of the so-ordered stipulation of custody was necessary has a sound and substantial basis in the record (see Matter of McFarlane v Sapeg, 225 AD3d 766, 767; Matter of Argila v Edelman, 174 AD3d 521, 524). Additionally, the court's determination that it was in the child's best interests to award the father final decision-making authority with respect to the child's medical needs has a sound and substantial basis in the record (see Cohen v Cohen, 177 AD3d 848, 852; Matter of Steingart v Fong, 156 AD3d at 796). The record demonstrates that the father had a demonstrated ability and an expressed interest in the child's medical needs (see Matter of E.D. v D.T., 152 AD3d 583, 584), and there is no evidence in the record that called into question the father's ability to make appropriate medical decisions for the child (see Matter of Lopez v Noreiga, 182 AD3d 551, 553). In contrast, the mother refused to sign consent forms to enroll the child in therapy, and she testified that she did not believe the child needed therapy despite the child's history of anxiety and nightmares.
However, there is not a sound and substantial basis in the record for the Family Court's determination that the father should also have final decision-making authority with respect to the child's educational needs (see Matter of Massay v Manoyrine, 149 AD3d 939, 940-941; Jacobs v Young, 107 AD3d 896, 897). The record demonstrates that both parents substantially agreed with each other with respect to the child's educational needs and were both receptive to the recommendations made by the child's teacher. Thus, there is no evidence in the record that called into question the mother's ability to make appropriate decisions regarding the child's education (see Matter of Lopez v Noreiga, 182 AD3d at 553).
Contrary to the mother's contentions, the Family Court did not, sua sponte, award the father decision-making authority, as the father's petition seeking sole custody necessarily included decision-making authority (see Trazzera v Trazzera, 199 AD3d 855, 858-859).
While the Family Court erred in precluding the mother from offering testimony regarding the father's past instances of domestic violence and substance abuse, since these acts were relevant in determining whether modification of custody was in the child's best interests (see Matter of Gonzalez v Gonzalez, 15 AD3d 481, 483), this error was harmless in light of the father's testimony regarding his efforts to rehabilitate himself and the court's acknowledgment that it took these prior acts into consideration when making its determination. Furthermore, if the court erred in taking judicial notice of testimony from a prior hearing, such error was harmless, as there was sufficient evidence to support the court's determination without considering such testimony (see Matter of Patrick M. [Patrick M.M.], 166 AD3d 882, 883; Matter of Kinara C. [Jerome C.], 89 AD3d 839, 840-841).
Accordingly, we modify the order by deleting the provision thereof granting that branch of the father's petition which was to modify the so-ordered stipulation of custody so as to award him final decision-making authority with respect to the child's educational needs, and substituting therefor a provision denying that branch of the petition.
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court