CATHERINE C. WIDEMAN, Appellant-Respondent, v JAMES S. WIDEMAN, Respondent-Appellant. [834 NYS2d 405]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Elma A. Bellini, A.J.), entered January 6, 2006. The order, among other things, granted the parties joint physical custody of their children and distributed the marital assets.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court granted plaintiff a divorce and, by the order on appeal, the court decided the remaining issues

in the divorce action. Contrary to the contention of plaintiff, the court did not err in refusing to award her primary physical custody of the parties' children. Both parties sought primary physical custody, and the court's determination that joint physical custody is in the children's best interests " 'is supported by a sound and substantial basis in the record' and thus will not be disturbed" (*Matter of Amy L.W. v Brendan K.H.*, 37 AD3d 1060 [2007]; *see Matter of Westfall v Westfall*, 28 AD3d 1229, 1230 [2006], *lv denied* 7 NY3d 706 [2006]; *Sorce v Sorce*, 16 AD3d 1077 [2005]). Also contrary to plaintiff's contention, the record establishes that the court carefully weighed the appropriate factors, and the determination of the court, "which [was] in the best position to evaluate the character and credibility of the witnesses, must be accorded great weight" (*Matter of Paul C. v Tracy C.*, 209 AD2d 955, 956 [1994]; *see Matter of Pinkerton v Pensyl*, 305 AD2d 1113, 1113-1114 [2003]; *see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174 [1982]).

Plaintiff further contends that the court abused its discretion in refusing to award her sole legal custody of the children, i.e., the sole decision-making authority with respect to them, and that the court abused its discretion by instead setting forth the separate areas of sole decision-making authority in the children's lives. In particular, the court granted plaintiff decision-making authority with respect to religion, finances, counseling/therapy, and summer activities, and the court granted defendant decision-making authority with respect to education, medical/dental care, and extracurricular activities. As the court noted, joint legal custody was not a realistic possibility in this case, given the parties' past acrimony and the predictions of the experts and plaintiff herself that the parties would be unable to agree on major decisions concerning their children (*see Bliss v Ach*, 56 NY2d 995, 998 [1982]; *Matter of Brown v Marr*, 23 AD3d 1029, 1030 [2005]). The court thus did not err in determining that it was appropriate to divide the decision-making authority with respect to the children (*see Matter of Ring v Ring*, 15 AD3d 406 [2005]).

We further reject plaintiff's contention that the court erred in applying the Child Support Standards Act (CSSA) percentage to all of the combined parental income, which was approximately $130,000. The record establishes that the court articulated a proper basis for applying the CSSA to the combined parental income in excess of $80,000 (*see* Domestic Relations Law § 240 [1-b] [c] [2], [3]; *Terrell v Terrell*, 299 AD2d 810, 812 [2002]; *Corasanti v Corasanti*, 296 AD2d 831 [2002]).

We have considered the contentions raised by defendant on

his cross appeal and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Gorski, Fahey, Peradotto and Green, JJ.