# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1056
CAF 11-00898
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF CHRISTY BRAZIE,
PETITIONER-RESPONDENT,

V                                                              MEMORANDUM AND ORDER

FLORENCE ZENISEK, RESPONDENT-APPELLANT.

---

PAUL M. DEEP, UTICA, FOR RESPONDENT-APPELLANT.

EDWARD G. KAMINSKI, UTICA, FOR PETITIONER-RESPONDENT.

JOHN T. NASCI, ATTORNEY FOR THE CHILDREN, ROME, FOR CARI B., JERREMY B. AND MCKENNA B.

---

Appeal from an order of the Family Court, Oneida County (Brian M. Miga, J.H.O.), entered February 10, 2011 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent, the fiancé of petitioner's estranged husband, appeals from an order of protection entered in favor of petitioner and her children. Petitioner concedes that she failed to meet her burden of establishing by a preponderance of the evidence that respondent committed the family offense of reckless endangerment, and we agree with respondent that petitioner also failed to meet her burden of proof with respect to the remaining offenses, i.e., disorderly conduct, harassment in the second degree and aggravated harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law §§ 240.20, 240.26, 240.30; *see also Matter of Marquardt v Marquardt*, 97 AD3d 1112, 1113-1114).

The offense of disorderly conduct was not established because there was no evidence that respondent intended "to cause *public* inconvenience, annoyance or alarm, or recklessly creat[ed] a risk thereof" (Penal Law § 240.20 [emphasis added]). The offenses of harassment in the second degree and aggravated harassment in the second degree were not established because the evidence failed to show that respondent — by arguing with her fiancé and making threats against him and petitioner — intended to harass, annoy, threaten or alarm petitioner, who was not present when the argument occurred.

Although petitioner later listened to a recording of the argument that had been left as a message on her telephone, there is no evidence that respondent knew that her fiancé had called petitioner during the argument and that her threats were being recorded on petitioner's telephone.  We thus conclude that Family Court erred in failing to dismiss the petition (*see Marquardt*, 97 AD3d at 1113; *see generally Matter of Woodruff v Rogers*, 50 AD3d 1571, 1571-1572, *lv denied* 10 NY3d 717).  Because we conclude that petitioner failed to establish that respondent committed a family offense, we need not reach respondent's remaining contention.

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court