■ In the Matter of COLIN JAMES HARDY, Respondent, v MELISSA FIGUEROA, Appellant. (Proceeding No. 1.) In the Matter of MELISSA FIGUEROA, Appellant, v COLIN JAMES HARDY, Respondent. (Proceeding No. 2.) [9 NYS3d 140]—

Appeal from an amended order of the Family Court, Kings County (Leticia M. Ramirez, J.), dated July 23, 2014. The amended order, among other things, awarded the parties shared physical custody of the subject child, awarded the father final authority with respect to the child's educational, extracurricular, and religious decisions, and awarded the mother final authority with respect to the child's medical decisions.

Ordered that the amended order is affirmed, without costs or disbursements.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]). The best interests of the child are determined by a review of the totality of the circumstances (*see id.* at 171; *Jacobs v Young*, 107 AD3d 896, 896-897 [2013]; *Matter of Anwar v Sani*, 78 AD3d 827 [2010]). "Since weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court's findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Jackson v Coleman*, 94 AD3d 762, 763 [2012]; *see Matter of Solovay v Solovay*, 94 AD3d 898, 899 [2012]; *Matter of Conway v Conway*, 89 AD3d 936, 936-937 [2011]; *Matter of Ross v Ross*, 86 AD3d 615, 616 [2011]).

Contrary to the mother's contention, the Family Court did not improvidently exercise its discretion in refusing to award her primary physical custody of the subject child. Both the mother and the father sought primary physical custody, and the Family Court's determination that the child would benefit from equal amounts of time with each parent, and that it would be in his best interest for physical custody to be shared by the parents, is supported by a sound and substantial basis in the record and will not be disturbed (*see Matter of Delgado v Frias*, 92 AD3d 1245 [2012]; *Matter of Conway v Conway*, 89 AD3d at 936-937; *Matter of Anwar v Sani*, 78 AD3d at 827; *Wideman v Wideman*, 38 AD3d 1318 [2007]). Notably, although the court determined that the antagonistic relationship between the parties effectively precluded an award of joint legal custody (*see Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]; *Bliss v Ach*, 56 NY2d 995, 998 [1982]; *Matter of Florio v Niven*, 123 AD3d 708, 710 [2014]; *Matter of Edwards v Rothschild*, 60 AD3d 675, 676-677 [2009]), such a determination does not mean that an award of shared physical custody is inappropriate (*see Matter of Delgado v Frias*, 92 AD3d at 1245; *Wideman v Wideman*, 38 AD3d at 1319; *see generally* 1-10 Child Custody and Visitation Law and Practice § 10.03 [3] [b]; *Pascale v Pascale*, 140 NJ 583, 660 A2d 485 [1995]; *Taylor v Taylor*, 306 Md 290, 508 A2d 964 [1986]).

Moreover, in light of the Family Court's conclusion that an award of joint legal custody was not appropriate because of the parties' inability to cooperate and behave amicably, and considering the circumstances of the case, it was appropriate

for the Family Court to give each party decision-making authority in separate areas (see *Jacobs v Young*, 107 AD3d at 896-897; *Chamberlain v Chamberlain*, 24 AD3d 589, 591 [2005]; *Matter of Ring v Ring*, 15 AD3d 406, 407 [2005]). In this regard, the Family Court's determination awarding the father final authority with respect to the child's educational, extracurricular, and religious decisions, and awarding the mother final authority with respect to the child's medical decisions, is also supported by a sound and substantial basis in the record and will not be disturbed (see *Matter of Ring v Ring*, 15 AD3d at 407; cf. *Jacobs v Young*, 107 AD3d at 896-897).

The mother's remaining contention is without merit. Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.