# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**566**

**CAF 15-00264**

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF LINDSAY A. ESPOSITO,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MATTHEW E. MAGILL, RESPONDENT-RESPONDENT.

---

CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT.

THE WARD FIRM, PLLC, LIVERPOOL (MATTHEW E. WARD OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

FARES A. RUMI, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered January 12, 2015 in proceedings pursuant to Family Court Act article 6. The order dismissed the petition dated September 8, 2014.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion and dismissing the petition dated August 15, 2014, and as modified the order is affirmed without costs.

Memorandum: On August 15, 2014, petitioner mother commenced this proceeding pursuant to Family Court Act article 6 seeking to modify the custody and visitation provisions of a stipulated order (hereafter, first petition). On September 8, 2014, the mother brought a second modification petition alleging, inter alia, that her driving had been restricted by her doctor and requesting that respondent father be ordered to meet her at a location closer to her residence to exchange the child for visitation (hereafter, second petition). Thereafter, the father filed a motion to dismiss the first petition on the ground that the mother had failed to allege a substantial change in circumstances. In a memorandum decision, Family Court granted that relief and also dismissed the second petition. The court's order, however, referenced only the dismissal of the second petition. The mother appeals.

As a preliminary matter, we note that where, as here, there is a conflict between the decision and order, the decision controls (*see Matter of Edward V.*, 204 AD2d 1060, 1061), and the order "must be modified to conform to the decision" (*Waul v State of New York*, 27 AD3d 1114, 1115; *see* CPLR 5019 [a]). We therefore modify the order by

granting the motion seeking to dismiss the first petition.  We further note that the mother does not address the second petition on appeal, and that she has thus abandoned any contentions related thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Contrary to the mother's contention, the court properly granted the father's motion to dismiss the first petition without a hearing. " 'A hearing is not automatically required whenever a parent seeks modification of a custody [or visitation] order' " (*Matter of Consilio v Terrigino*, 114 AD3d 1248, 1248).  Here, the mother " 'failed to make a sufficient evidentiary showing of a change in circumstances to require a hearing' " (*Matter of Fowler v VanGee*, 136 AD3d 1320, 1320; *see Matter of Warrior v Beatman*, 70 AD3d 1358, 1359, *lv denied* 14 NY3d 711).

Entered:  June 17, 2016                              Frances E. Cafarell
                                                     Clerk of the Court