Appeal from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated August 4, 2016. The order, insofar as appealed from, after a hearing, denied the father’s motion to modify a prior order of custody and visitation of that court entered June 26, 2015, upon the parties’ consent, to award him sole legal and physical custody of the parties’ child, awarded the parties shared physical custody of the child pursuant to a detailed parenting schedule, awarded the mother final authority with respect to the child’s medical and religious decisions, directed the parties to refer any dispute regarding parenting time or the provisions of the order to the Parenting Solutions program, and denied the father’s request for an award of an attorney’s fee.
 

 Ordered that the order dated August 4, 2016, is affirmed insofar as appealed from, without costs or disbursements.
 

 The parties, who never married, are the parents of a daughter born in 2006. The mother and the daughter moved out of the father’s home in 2009. In an order of custody and visitation entered June 26, 2015, upon the parties’ consent, the Family Court, in effect, awarded the mother sole residential custody of their daughter. The father subsequently moved to obtain sole legal and physical custody of the daughter. The court held a hearing and, after determining that there was a change in circumstances, inter alia, awarded the parties joint legal and physical custody of the daughter and set up detailed parenting schedules for the school year as well as the summer. The father appeals.
 

 The court’s paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Gooler v Gooler, 107 AD3d 712 [2013]; Matter of Julie v Wills, 73 AD3d 777, 777 [2010]). “ ‘Since any custody determination depends to a very great extent upon the hearing court’s assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence’ ” (Matter of Diaz v Diaz, 97 AD3d 747, 747 [2012], quoting Matter of Chabotte v Faella, 77 AD3d 749, 749-750 [2010]; see Trinagel v Boyar, 70 AD3d 816 [2010]).
 

 Contrary to the father’s contention, the Family Court properly denied that branch of his motion which was to be awarded sole physical custody of the daughter. The court’s determination that the daughter would benefit from equal amounts of time with each parent, and that it would be in her best interests for physical custody to be shared by the parents, has a sound and substantial basis in the record and will not be disturbed (see Matter of Hardy v Figueroa, 128 AD3d 824, 825 [2015]; Matter of Delgado v Frias, 92 AD3d 1245 [2012]; Matter of Conway v Conway, 89 AD3d 936, 936-937 [2011]). Notably, although the court determined that there was an antagonistic relationship between the parties (see generally Bliss v Ach, 56 NY2d 995, 998 [1982]; Braiman v Braiman, 44 NY2d 584, 589-590 [1978]), such a determination, without more, does not mean that an award of shared physical custody is inappropriate (see Matter of Hardy v Figueroa, 128 AD3d at 825; Matter of Delgado v Frias, 92 AD3d at 1245; Wideman v Wideman, 38 AD3d 1318, 1319 [2007]).
 

 Moreover, the Family Court was not required to follow the recommendations of the forensic expert (see Matter of E.D. v D.T., 152 AD3d 583, 584 [2017]; Matter of Nelson v Nelson, 276 AD2d 634, 634 [2000]; Matter of Prete v Prete, 193 AD2d 804, 805 [1993]) and, contrary to the father’s contention, the court’s stated reasons for disregarding the expert’s recommendation had a sound and substantial basis in the record (compare Zafran v Zafran, 306 AD2d 468, 469-470 [2003], Vinciguerra v Vinciguerra, 294 AD2d 565, 566 [2002], with Matter of Wilson v Bryant, 143 AD3d 905, 907 [2016]).
 

 When an antagonistic relationship exists between the parties, it may be appropriate, depending upon the particular circumstances of the case, to give each party decision-making authority in separate areas (see Matter of Hardy v Figueroa, 128 AD3d at 826; Jacobs v Young, 107 AD3d 896, 897 [2013]; Chamberlain v Chamberlain, 24 AD3d 589, 591 [2005]; Matter of Ring v Ring, 15 AD3d 406 [2005]). “The division of authority is usually made either somewhat evenly, in order to maintain the respective roles of each parent in the child’s life or, although unevenly, in a manner intended to take advantage of the strengths [or] demonstrated ability” of each parent (Chamberlain v Chamberlain, 24 AD3d at 592 [citations omitted]; see Jacobs v Young, 107 AD3d at 897). Here, there was a sound and substantial basis for the Family Court’s determination that the father should have decision-making authority with respect to the daughter’s educational and extracurricular decisions and that the mother should have decision-making authority with respect to the daughter’s medical and religious decisions (see Matter of E.D. v D.T., 152 AD3d at 584; Matter of Hardy v Figueroa, 128 AD3d at 826; Matter of Ring v Ring, 15 AD3d at 407).
 

 The father’s remaining contentions are without merit.
 

 Mastro, J.P., Chambers, Duffy and Connolly, JJ., concur.