Matter of Jillian E. (Jolene E.) (2019 NY Slip Op 02209)





Matter of Jillian E. (Jolene E.)


2019 NY Slip Op 02209


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


80 CAF 17-00498

[*1]IN THE MATTER OF JILLIAN E. AND JULIANNA E. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JOLENE E., RESPONDENT-APPELLANT.






PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT. 
JOHN A. HERBOWY, UTICA, FOR PETITIONER-RESPONDENT.
WILLIAM KOSLOSKY, UTICA, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered January 18, 2017 in a proceeding pursuant to Family Court Act article 10. The order adjudged that respondent neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking from the second ordering paragraph the reference to Family Court Act § 1012 (f) (i) (A) and replacing it with a reference to Family Court Act § 1012 (f) (i) (B) and as modified the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of fact-finding that adjudicated the subject children to be neglected. Contrary to the mother's contention, we conclude that petitioner established that she neglected the children. "[A] party seeking to establish neglect must show, by a preponderance of the evidence . . . , first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act
§§ 1012 [f] [i]; 1046 [b] [i]). Here, petitioner met its burden by establishing by a preponderance of the evidence that drug paraphernalia used in the manufacture of methamphetamine, including acetone, was found in the home where the mother and the children resided in areas accessible to the children, which placed them at imminent risk of harm (see Matter of Ahriiyah VV. [Rebecca VV.], 160 AD3d 1140, 1141-1142 [3d Dept 2018], lv denied 31 NY3d 911 [2018]; Matter of Paige AA. [Anthony AA.], 85 AD3d 1213, 1216 [3d Dept 2011], lv denied 17 NY3d 708 [2011]).
We note, however, that the order of fact-finding conflicts with Family Court's oral decision: the order states that the children were neglected pursuant to Family Court Act § 1012 (f) (i) (A), whereas the court in its decision stated that the finding of neglect was premised on the mother's failure to provide the children with proper supervision or guardianship pursuant to Family Court Act § 1012 (f) (i) (B). We therefore modify the order to conform to the decision (see Matter of Esposito v Magill, 140 AD3d 1772, 1773 [4th Dept 2016], lv denied 28 NY3d 904 [2016]) by striking from the second ordering paragraph the reference to Family Court Act § 1012 (f) (i) (A) and replacing it with a reference to Family Court Act § 1012 (f) (i) (B).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court