Matter of Susan T. v Crystal T. (2019 NY Slip Op 06933)





Matter of Susan T. v Crystal T.


2019 NY Slip Op 06933


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


851 CAF 18-00760

[*1]IN THE MATTER OF SUSAN T., PETITIONER-RESPONDENT,
v
CRYSTAL T., RESPONDENT-RESPONDENT, AND DARIUS S., SR., RESPONDENT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT. 
JOHN G. KOSLOSKY, UTICA, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Herkimer County (John J. Brennan, J.), entered January 18, 2018 in a proceeding pursuant to Family Court Act article 6. The order granted petitioner custody of the subject children. 
It is hereby ORDERED that said appeal insofar as it concerns respondents' oldest child is unanimously dismissed and the case is held, the decision is reserved and the matter is remitted to Family Court, Herkimer County, for further proceedings in accordance with the following memorandum: Respondent father appeals from an order that granted, without a hearing, petitioner grandmother's petition for custody of respondents' three children. Initially, we dismiss as moot the appeal from the order insofar as it concerns the oldest child because she has attained the age of majority (see Matter of Delia S. [Desiree S.], 122 AD3d 1449, 1449 [4th Dept 2014]). With respect to Family Court's award of custody of the other two children to the grandmother, we conclude that the court failed to set forth " those facts upon which the rights and liabilities of the parties depend' " (Matter of Russell v Banfield, 12 AD3d 1081, 1081 [4th Dept 2004]; see Matter of Valentin v Mendez, 165 AD3d 1643, 1643-1644 [4th Dept 2018]).
"[E]ffective appellate review . . . requires that appropriate factual findings be made by the trial court" (Matter of Rocco v Rocco, 78 AD3d 1670, 1671 [4th Dept 2010]). Here, it appears from the record on appeal—which contains, among other things, references to the grandmother's ongoing status as a foster parent for the subject children since 2015—that this custody order was intended to resolve a pending child protective proceeding against one or both respondents. Nonetheless, the court failed to reference in its bench decision or its order either Family Court Act §§ 1055-b or 1089-a, the statutes that provide the requisite procedure for terminating an article 10 proceeding by granting custody to "a relative or relatives or other suitable person or persons pursuant to article six of this act"
(§ 1055-b [a]; see § 1089-a [a]). Further, if this custody petition, in support of which nonparty Herkimer County Department of Social Services appeared but the grandmother did not, was intended to resolve a pending child protective proceeding, then the court erred in failing both to hold a joint hearing upon the father's objection to the proposed custody arrangement and to make the statutorily required findings supporting its award of custody to the grandmother (see
§§ 1055-b [a] [iv] [A]; 1089-a [a] [iii] [A]).
Even assuming, arguendo, that the custody petition was not intended to resolve a pending child protective proceeding pursuant to Family Court Act §§ 1055-b or 1089-a, we conclude that the court nonetheless erred in failing to make any express finding that the grandmother met her burden of establishing that extraordinary circumstances existed such that she had standing to seek custody (see generally Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]), nor did it provide an "analysis of those factors that traditionally affect the best interests of a child" (Valentin, 165 AD3d at 1644 [internal quotation marks omitted]). Finally, the order erroneously [*2]indicates that it was entered on the consent of both respondents, despite the court's express recognition in its bench decision of the father's objection to the proposed custody arrangement (see Matter of Esposito v Magill, 140 AD3d 1772, 1773 [4th Dept 2016], lv denied 28 NY3d 904 [2016]). We therefore hold the case, reserve decision, and remit the matter to Family Court to set forth its factual findings with respect to respondents' younger two children and, if applicable, to hold the statutorily required joint hearing (see §§ 1055-b [a] [iv] [A]; 1089-a [a] [iii] [A]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court