Matter of Chase v Chase (2020 NY Slip Op 02000)





Matter of Chase v Chase


2020 NY Slip Op 02000


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


288 CAF 18-01794

[*1]IN THE MATTER OF ROSE M. CHASE, PETITIONER-APPELLANT,
v
SILVIA CHASE AND PATRICIA A. MOONEY-TIRAO, RESPONDENTS-RESPONDENTS. (APPEAL NO. 3.) 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR PETITIONER-APPELLANT.
JOSEPH S. DRESSNER, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Ontario County (Brian D. Dennis, J.), entered August 20, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, dismissed the petition to modify a prior order of custody and visitation. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the second ordering paragraph and substituting therefor the language in the first ordering paragraph of the order of Family Court, Ontario County, entered on May 26, 2015, and as modified the order is affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 6, Rose M. Chase (mother), a respondent in appeal Nos. 1 and 2 and the petitioner in appeal No. 3, appeals from three orders. In the order in appeal No. 1, Family Court, inter alia, granted the petition of petitioner Jessica Chase, the subject child's paternal aunt, seeking joint custody of the child. In the order in appeal No. 2, the court, inter alia, granted the petition of petitioner Attorney for the Child (AFC) seeking to modify the prior order of custody and visitation (prior order) by reducing the visitation of respondent Patricia A. Mooney-Tirao, the child's maternal grandmother, to one supervised visit per month with the child. In the order in appeal No. 3, the court, among other things, summarily dismissed the mother's petition seeking modification of the prior order by, inter alia, allowing her to communicate with the child.
We note that the mother is currently incarcerated on her conviction of murder in the second degree for killing the child's father (see People v Chase, 158 AD3d 1233 [4th Dept 2018], lv denied 31 NY3d 1080 [2018]), and her access to the child consists only of receiving the child's report cards and his photographs from school and extracurricular activities. Thus, the orders in appeal Nos. 1 and 2 did not alter the mother's circumstances or "otherwise affect[ her] legal rights or direct interests" (Matter of Cheryle HH. v Benjamin II., 174 AD3d 983, 984 [3d Dept 2019]), and we therefore dismiss those appeals inasmuch as she is not aggrieved by those orders (see CPLR 5511; Cheryle HH., 174 AD3d at 984; Matter of Johnson v Jimerson, 171 AD3d 1498, 1499 [4th Dept 2019]).
Contrary to the mother's contention in appeal No. 3, the court properly dismissed her modification petition without a hearing. "A hearing is not automatically required whenever a parent seeks modification of a custody [or visitation] order . . . and, here, the [mother] failed to make a sufficient evidentiary showing of a change in circumstances to require a hearing" (Matter of Gworek v Gworek [appeal No. 1], 158 AD3d 1304, 1304 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Noble v Paris, 143 AD3d 1288, 1288-1289 [4th Dept 2016], lv denied 29 NY3d 904 [2017]). Moreover, the mother failed to set forth allegations rebutting the presumption in Domestic Relations Law § 240 (1-c) that visitation is not in the child's best [*2]interests (see Matter of Pajek v Feketi, 170 AD3d 1625, 1626 [4th Dept 2019]).
We agree with the mother, however, that there is a conflict between the order in appeal No. 3 and the court's oral decision. In its decision, the court directed that the provisions in an order entered on May 26, 2015 regarding the mother's access to the child's report cards and his photographs from school and extracurricular activities, which the mother was to receive via the AFC, "will continue." In the order in appeal No. 3, however, the court ordered that the mother "shall continue to receive an annual school picture of the child . . . , as well as a copy of his report card, with said items to [be] provided directly from the child's school." Thus, the order in appeal No. 3 altered the materials to which the mother is entitled and the method by which she is to receive those materials, and it must therefore be modified to conform with the May 26, 2015 order (see Matter of Esposito v Magill, 140 AD3d 1772, 1773 [4th Dept 2016], lv denied 28 NY3d 904 [2016]).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court