Matter of KC B. Mench v Majerus (2020 NY Slip Op 06626)





Matter of KC B. Mench v Majerus


2020 NY Slip Op 06626


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


776 CAF 19-00178

[*1]IN THE MATTER OF KC B. MENCH, PETITIONER-APPELLANT,
v
RONALD G. MAJERUS, III, RESPONDENT-RESPONDENT. 






MICHAEL G. CIANFARANO, OSWEGO, FOR PETITIONER-APPELLANT.
CASEY E. JORDAN, CLAY, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered October 24, 2018 in proceedings pursuant to Family Court Act article 6 and article 8. The order, among other things, adjudged that the parties shall share joint legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by dismissing the family offense petition, and as modified the order is affirmed without costs.
Memorandum: Petitioner mother appeals from an order that, after, inter alia, a hearing on her petition for custody of the subject child and on her family offense petition against respondent father, awarded the parties joint legal custody and shared physical custody of the child. In its written decision, in addition to awarding custody of the child, Family Court also dismissed the mother's family offense petition. The order appealed from, however, does not expressly mention that the court dismissed the family offense petition, and referenced only its resolution of the mother's custody petition.
Initially, we conclude that the court did not err in refusing to award the mother sole physical custody of the child. In our view, the court's determination that it was in the child's best interests to award the parties joint legal and physical custody "is supported by a sound and substantial basis in the record and thus [should] not be disturbed" (Wideman v Wideman, 38 AD3d 1318, 1319 [4th Dept 2007] [internal quotation marks omitted]; see Matter of Steingart v Fong, 156 AD3d 794, 795-796 [2d Dept 2017]). The record establishes that the court weighed the appropriate factors (see generally Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]), and the determination of the court, " 'which [was] in the best position to evaluate the character and credibility of the witnesses, must be accorded great weight' " (Wideman, 38 AD3d at 1319; see Matter of Lesinski v Ciamaga, 180 AD3d 1341, 1342 [4th Dept 2020]).
With respect to the mother's contention challenging the dismissal of the family offense petition, we note that where, as here, there is a conflict between the decision and order, the decision controls (see Matter of Esposito v Magill, 140 AD3d 1772, 1773 [4th Dept 2016], lv denied 28 NY3d 904 [2016]; Matter of Edward V., 204 AD2d 1060, 1061 [4th Dept 1994]), and the order "must be modified to conform to the decision" (Waul v State of New York, 27 AD3d 1114, 1115 [4th Dept 2006], lv denied 7 NY3d 705 [2006]; see CPLR 5019 [a]). We therefore modify the order by dismissing the family offense petition.
Moreover, we conclude that the court did not err in determining that the mother failed to prove by a fair preponderance of the evidence that the father's alleged conduct established the relevant family offense (see Family Ct Act § 832; see generally Matter of Washington v Washington, 158 AD3d 717, 718 [2d Dept 2018], lv denied 32 NY3d 912 [2018]). "The determination whether [the father] committed a family offense was a factual issue for the court to [*2]resolve, and '[the] court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record' " (Matter of Martin v Flynn, 133 AD3d 1369, 1370 [4th Dept 2015]; see Cunningham v Cunningham, 137 AD3d 1704, 1704-1705 [4th Dept 2016]). Here, we find no reason to disturb the court's credibility determinations or its conclusion that the father did not commit the relevant family offense of harassment in the second degree (see Matter of Teanna P. v David M., 134 AD3d 654, 655 [1st Dept 2015]; Matter of Krisztina K. v John S., 103 AD3d 724, 724 [2d Dept 2013]; see generally Penal Law § 240.26 [3]). The record does not support the conclusion that the father intended to "harass, annoy or alarm [the mother]" (§ 240.26) and, thus, the mother did not meet her burden of establishing a family offense by a preponderance of the evidence (see Matter of David ZZ. v Michael ZZ., 151 AD3d 1339, 1341 [3d Dept 2017]; Matter of Eck v Eck, 44 AD3d 1168, 1168-1169 [3d Dept 2007], lv denied 9 NY3d 818 [2008]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court