Matter of Ofori v St. Louis (2021 NY Slip Op 01417)





Matter of Ofori v St. Louis


2021 NY Slip Op 01417


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-14023
 (Docket Nos. V-11356-17, V-11357-17)

[*1]In the Matter of Katakyie Ofori, appellant,
v
Christina St. Louis, respondent.


Larry S. Bachner, New York, NY, for appellant.
Austin I. Idehen, Jamaica, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Jennifer Mitek, Ct. Atty. Ref.), dated August 5, 2019. The order, after a hearing, in effect, denied the father's petition for sole legal and physical custody of the parties' children and awarded the mother sole legal and physical custody of the children, with parental access to the father.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, the father's petition for sole legal and physical custody of the parties' children is granted, and the matter is remitted to the Family Court, Kings County, to establish an appropriate parental access schedule for the mother.
The parties, who were never married to each other, are the parents of two children. After several years of sharing custody without a court order, the father, upon relocating to Rochester, filed a petition for sole legal and physical custody of the children. The mother, who lived in Brooklyn, opposed the father's petition. After a hearing, the Family Court, in effect, denied the father's petition and awarded sole legal and physical custody to the mother, with parental access to the father. The father appeals.
In any custody dispute, the court must determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). "Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Kreischer v Perry, 83 AD3d 841, 841). Further, in the context of an initial custody determination, "relocation is but one factor for the Family Court to consider in determining what is in the children's best interests" (Matter of Yu Chao Tan v Hong Shan Kuang, 136 AD3d 933, 934). "In matters related to custody, the authority of this Court is as broad as that of the hearing court, and the hearing court's [*2]determination will not stand if it is not supported by a sound and substantial basis in the record" (Matter of Ledbetter v Singer, 178 AD3d 707, 708).
Here, the Family Court's determination to award sole legal and physical custody of the children to the mother did not have a sound and substantial basis in the record. While the record established that both parents loved the children, in making its determination, the court failed to give sufficient weight to certain factors, including the quality of the home environment, the relative ability of the parties to provide for the children's academic and emotional needs, and the expressed preferences of the children, particularly given their ages and maturity (see Matter of Nevarez v Pina, 154 AD3d 854, 855-856; Matter of Tofalli v Sarrett, 150 AD3d 1122, 1124). Moreover, in considering the effect of the custody award on the children's relationship with the noncustodial parent, the court gave too much weight to the mother's lack of transportation without considering that transportation for parental access periods with the mother could be provided by the father.
Under the totality of the circumstances, the best interests of the children would be served by the father having sole legal and physical custody of the children, with parental access to the mother.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court