Schlosser v Hernandez (2022 NY Slip Op 00180)





Schlosser v Hernandez


2022 NY Slip Op 00180


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2020-07348
 (Docket Nos. V-14728-17, V-17001-17)

[*1]In the Matter of Melissa Schlosser, appellant,
v
Jose Hernandez, respondent. (Proceeding No. 1.)
In the Matter of Jose Hernandez, respondent,
v
Melissa Schlosser, appellant. (Proceeding No. 2.)


Wand & Goody, LLP, Huntington, NY (Jennifer H. Goody of counsel), for appellant.
Karyn A. Villar, PLLC, Hauppauge, NY, for respondent.
Stephen R. Hellman, Wantagh, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Victoria R. Gumbs-Moore, J.), dated September 4, 2020. The order, after a hearing, awarded the parties joint legal custody, and awarded the father sole residential custody, of the parties' child, and set forth a schedule of parenting time for the mother.
ORDERED that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof awarding the father sole residential custody of the parties' child, and substituting therefor a provision awarding the parties shared residential custody of the child, and (2) by deleting so much of the provision thereof concerning the mother's weekend parenting time as, in effect, establishes a schedule during the summer recess; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new determination, to be made with all convenient speed, setting forth a new, more liberal schedule of parenting time for the mother during the summer recess; and it is further,
ORDERED that pending a new determination by the Family Court, Suffolk County, the schedule of parenting time for the mother during the summer recess, as set forth in the order appealed from, shall remain in effect.
The parties, who were never married, have one child in common, born in 2008. In 2012, the parties separated and adopted a parenting time schedule pursuant to which the child was [*2]with the mother on the weekends. In 2017, the mother filed a petition seeking joint custody of the child and, in turn, the father filed a petition seeking sole custody of the child. After a hearing, the Family Court awarded the parties joint legal custody, and awarded the father sole residential custody, of the child. The court further set forth a schedule of parenting time for the mother. The mother appeals.
In any custody dispute, the court must determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Ofori v St. Louis, 192 AD3d 809, 810). Among the several relevant factors to be considered in making this determination is "the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Ofori v St. Louis, 192 AD3d at 810 [internal quotation marks omitted]). The authority of this Court in such matters is as broad as that of the hearing court, and the hearing court's determination will not stand if it is not supported by a sound and substantial basis in the record (see id.; Matter of Ledbetter v Singer, 178 AD3d 707, 708).
Here, the Family Court's award of sole residential custody to the father does not have a sound and substantial basis in the record. The parties enjoyed relatively equal parenting time with the child for most of her life, and that schedule was essentially adhered to by the court in its order. Further, the court awarded the parties joint legal custody and, as noted, the parties have been able to work together well enough to share parenting time for many years. The testimony additionally raised significant questions about the father's willingness and ability to foster the child's relationship with the mother. Under the totality of the circumstances, the best interests of the child would be served by awarding the parties shared residential custody (see Matter of Steingart v Fong, 156 AD3d 794, 796; Matter of Hardy v Figueroa, 128 AD3d 824, 825).
The schedule of parenting time set forth by the Family Court for the months during which the child is in school was appropriate and in her best interests. However, although the court recognized that the mother should have "summer vacation with the child," it failed to provide the mother with additional parenting time during the summer recess. We conclude that such additional parenting time would be in the best interests of the child, and therefore remit the matter to the Family Court, Suffolk County, for a new determination setting forth a more liberal schedule of parenting time for the mother during the summer recess. Pending that new determination, the schedule of parenting time for the mother during the summer recess, as set forth in the order appealed from, shall remain in effect.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court