Matter of Trentacoste v Alward (2024 NY Slip Op 01719)

Matter of Trentacoste v Alward

2024 NY Slip Op 01719

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-02197
 (Docket Nos. V-9564-20, V-9564-20/21A, V-9564-20/21B, V-11489-20)

[*1]In the Matter of John Trentacoste, respondent,
v
Sarah Alward, appellant.

Frederic C. Foster, P.C., Westhampton, NY (Alexandria M. Parker of counsel), for appellant.
Abrams Fensterman, LLP, White Plains, NY (Lisa Colosi Florio, Aaron Zucker, and Mark Goreczny of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated February 7, 2023. The order, insofar as appealed from, after a hearing, awarded the parties joint legal and residential custody of the parties' child and, in effect, equal parenting time, barred the parties from relocating their residences more than 16 road miles from their current locations, and awarded the father final decision-making authority with respect to the child's educational and mental health matters.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties, who were never married to each other, are the parents of a son born in 2013. In an order dated February 7, 2023, the Family Court, after a hearing, inter alia, ordered that: (1) the parents shall share joint legal and residential custody of the child and, in effect, equal parenting time, (2) neither party shall relocate his or her residence more than 16 road miles from his or her current location, and (3) the father shall have final decision-making authority with respect to the child's educational and mental health matters and the mother shall have final decision-making authority with respect to the child's medical matters. The mother appeals.
"In a child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Scott v Hendy, 216 AD3d 1099, 1100; see Matter of Steingart v Fong, 156 AD3d 794, 795). "In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Scott v Hendy, 216 AD3d at 1100 [internal quotation marks omitted]; see Matter of Estrada v Palacios, 148 AD3d 804, 804). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's credibility findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Cretella v Stephens, 160 AD3d 846, 847; see Matter of Nunez v Lasso, 144 AD3d 689, 689).
"Where, as here, a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition is not required" (Matter of Lawrence v Mattry, 179 AD3d 687, 687-688). "Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child" (id. at 688; see Matter of Karen H. v Maurice G., 101 AD3d 1005, 1006). "The weighing of these factors requires an evaluation of the testimony, character, and sincerity of all the parties involved. Generally, such an evaluation can best be made by the Family Court, which had direct access to the parties and witnesses, and, therefore, deference is accorded to the Family Court's findings in this regard" (Matter of Feery v Feury, 168 AD3d 729, 730; see Matter of Tayson v Degraft-Johnson, 157 AD3d 703, 704).
Here, the Family Court's determination that it was in the best interests of the child to award the parties joint legal and residential custody of the child and, in effect, equal parenting time has a sound and substantial basis in the record (see Matter of Demeter v Alayon, 90 AD3d 1045, 1046). As there is no evidence that the parties are so hostile or antagonistic toward each other that they would be unable to put aside their differences, the court properly awarded the parties joint legal and residential custody and, in effect, equal parenting time (see Matter of Steingart v Fong, 156 AD3d 794, 796). For the same reasons, the court properly determined that imposing a distance requirement with respect to relocation was in the best interests of the child (see Lawrence v Mattry, 179 AD3d at 688).
There is also a sound and substantial basis in the record for the Family Court's determination that the father should have final decision-making authority with respect to the child's educational and mental health matters (see Matter of Steingart v Fong, 156 AD3d at 796; Matter of Hardy v Figueroa, 128 AD3d 824, 825-826).
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court