Matter of Riley v Turner (2025 NY Slip Op 07171)

Matter of Riley v Turner

2025 NY Slip Op 07171

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND DELCONTE, JJ.

899 CAF 24-01766

[*1]IN THE MATTER OF SHANA RILEY, PETITIONER-APPELLANT,
v
JASON TURNER, RESPONDENT-RESPONDENT. 

ANDREW J. DIPASQUALE, ROCHESTER, FOR PETITIONER-APPELLANT. 
VERA A. VENKOVA, WILLIAMSVILLE, FOR RESPONDENT-RESPONDENT. 
MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Maria Cubillos Reed, J.), entered September 17, 2024, in a proceeding pursuant to Family Court Act article 8. The order, inter alia, dismissed the petition with prejudice. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 8, petitioner appeals from an order that, inter alia, dismissed her family offense petition. Petitioner contends that Family Court erred in dismissing the petition to the extent it alleged that respondent committed the family offenses of harassment in the second degree and disorderly conduct. We conclude that petitioner's contention lacks merit.
"A petitioner bears the burden of proving by a preponderance of the evidence that respondent committed a family offense" (Matter of Washington v Davis, 207 AD3d 1078, 1079 [4th Dept 2022], lv denied 39 NY3d 902 [2022] [internal quotation marks omitted]; see Family Ct Act § 832). " 'The determination of whether a family offense was committed is a factual issue to be resolved by the [court], and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record' " (Washington, 207 AD3d at 1079; see Matter of Whitney v Lord, 234 AD3d 1350, 1350 [4th Dept 2025]; Matter of KC B. Mench v Majerus, 188 AD3d 1651, 1652 [4th Dept 2020]).
Here, we see no reason to disturb the court's credibility determinations or its conclusion that respondent committed neither harassment in the second degree nor disorderly conduct (see KC B. Mench, 188 AD3d at 1652-1653; Matter of Brazie v Zenisek, 99 AD3d 1258, 1259 [4th Dept 2012]; see generally Penal Law §§ 240.20 [1]; 240.26 [1]). As the court properly determined, the record does not support the conclusion that respondent, in his attempts to have petitioner allow him to hold their child during a church service pursuant to their established practice, "inten[ded] to harass, annoy or alarm [petitioner]" (§ 240.26; see KC B. Mench, 188 AD3d at 1653) or "inten[ded] to cause public inconvenience, annoyance or alarm, or recklessly creat[ed] a risk thereof" (§ 240.20; see Brazie, 99 AD3d at 1259). Thus, contrary to petitioner's contention, she failed to meet her burden of establishing by a preponderance of the evidence that respondent committed either of those family offenses (see KC B. Mench, 188 AD3d at 1653; Brazie, 99 AD3d at 1259).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court