Matter of Palmieri v Glover (2026 NY Slip Op 01364)

Matter of Palmieri v Glover

2026 NY Slip Op 01364

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-04313 
2024-04318
 (Docket Nos. V-5287-21/23F, V-5287-21/23G, V-5287-21/23H)

[*1]In the Matter of Tonya Palmieri, appellant,
vSarad Glover, respondent. (Proceeding No. 1.)
In the Matter of Sarad Glover, respondent,Tonya Palmieri, appellant. (Proceeding No. 2.)

William A. Sheeckutz, East Meadow, NY, for appellant.
Amy L. Colvin, Huntington, NY, for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Nassau County (Darlene D. Harris, J.), dated May 10, 2024, and (2) an order of the same court also dated May 10, 2024. The first order dated May 10, 2024, insofar as appealed from, after a hearing, in effect, denied the mother's petition to modify an order of the same court dated February 28, 2022, so as to award her sole legal and residential custody of the parties' child, granted those branches of the father's separate petitions which were to modify the order dated February 22, 2022, so as to award him sole residential custody of the parties' child, and granted those branches of the father's separate petitions which were to modify the order dated February 28, 2022, so as to award him sole legal custody of the parties' child to the extent of awarding the father decision-making authority with respect to, inter alia, the parties' child's educational needs, health, and medical care. The second order dated May 10, 2024, insofar as appealed from, in effect, granted the same relief to the father and denied the same relief to the mother.
ORDERED that the orders dated May 10, 2024, are affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child, born in January 2018. In an order dated February 28, 2022 (hereinafter the 2022 order), entered upon the parties' consent, the Family Court awarded the parties joint legal and residential custody of the child.
In 2023, the mother filed a petition, inter alia, to modify the 2022 order so as to award her sole legal and residential custody of the child. The father filed two petitions, among other things, to modify the 2022 order so as to award him sole legal and residential custody of the child. In an [*2]order dated May 10, 2024, the Family Court, inter alia, after a hearing, in effect, denied the mother's petition, granted those branches of the father's separate petitions which were for sole residential custody of the child, and granted that branch of the mother's petition which was to modify the 2022 order so as to award her sole legal custody of the child and those branches of the father's separate petitions which were to modify the 2022 order so as to award him sole legal custody of the child to the extent of awarding the father decision-making authority with respect to, among other things, the child's educational needs, health, and medical care and awarding the mother decision-making authority with respect to, inter alia, the child's extracurricular activities, religion, and dental and ophthalmological care. In a second order also dated May 10, 2024, the court, among other things, in effect, granted the same relief to the father and denied the same relief to the mother. The mother appeals from so much of the orders dated May 10, 2024, as denied her petition, granted those branches of the father's separate petitions which were for sole residential custody of the child, and granted those branches of the father's separate petitions which were to modify the 2022 order so as to award him sole legal custody of the child to the extent of awarding the father decision-making authority with respect to, inter alia, the child's educational needs, health, and medical care.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances such that modification is required to protect the best interests of the child" (Matter of Samuels v Pallano, 237 AD3d 833, 833 [internal quotation marks omitted]; see Matter of Jones v Jones, 231 AD3d 829, 830). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Martinez v Gaddy, 223 AD3d 816, 817 [internal quotation marks omitted]; see Matter of Samuels v Pallano, 237 AD3d at 833-834). "When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Narine v Singh, 229 AD3d 700, 701 [internal quotation marks omitted]). "Stability and continuity in a child's life are [also] important factors, as are the child's wishes, which become more important as a child ages and matures" (Matter of Luke v Erskine, 222 AD3d 868, 870 [citation and internal quotation marks omitted]). "However, [t]he existence or absence of any one factor . . . cannot be determinative[,] . . . since the court is to consider the totality of the circumstances" (Matter of Nathaniel v Mauvais, 234 AD3d 766, 768 [internal quotation marks omitted]). "Since the Family Court's determination with respect to custody . . . depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Lubrico v Lubrico, 213 AD3d 666, 667 [internal quotation marks omitted]; see Matter of Currie v Follini, 209 AD3d 649, 650).
Here, the Family Court's determination that a change in circumstances existed to warrant modification of the custody provisions of the 2022 order is supported by a sound and substantial basis in the record (see Matter of Samuels v Pallano, 237 AD3d at 833; Matter of Nathaniel v Mauvais, 234 AD3d at 768). Additionally, there is a sound and substantial basis in the record for the court's determination to award sole residential custody of the child to the father (see Matter of Samuels v Pallano, 237 AD3d at 833; Matter of Nathaniel v Mauvais, 234 AD3d at 768). The evidence presented at the hearing demonstrated, among other things, that the father was better suited to promote stability in the child's life than the mother and that awarding the father sole residential custody was in the child's best interests (see Matter of Dapp v Shtaynberger, 240 AD3d 891, 892; Matter of Samuels v Pallano, 237 AD3d at 833; Matter of Nathaniel v Mauvais, 234 AD3d at 768).
When an antagonistic relationship exists between the parties, it may be appropriate, depending upon the particular circumstances of the case, to give each party decision-making authority in separate areas (see Matter of Narine v Singh, 229 AD3d at 702; Matter of Steingart v Fong, 156 AD3d 794, 796; Chamberlain v Chamberlain, 24 AD3d 589, 591; Matter of Ring v Ring, 15 AD3d 406, 406). "The division of authority is usually made either somewhat evenly, in order to maintain the respective roles of each parent in the child's life or, although unevenly, in a manner [*3]intended to take advantage of the strengths [or] demonstrated ability" of each parent (Chamberlain v Chamberlain, 24 AD3d at 592 [citations omitted]; see Matter of Steingart v Fong, 156 AD3d at 796). Contrary to the mother's contention, there was a sound and substantial basis in the record for the Family Court's determination to award the father decision-making authority with respect to, inter alia, the child's educational needs, health, and medical care (see Matter of Narine v Singh, 229 AD3d at 702; Matter of Steingart v Fong, 156 AD3d at 796).
The requests of the father and of the attorney for the child for certain affirmative relief are not properly before this Court, as the father and the attorney for the child did not cross-appeal from the orders appealed from (see Matter of Bashier v Adams, 217 AD3d 764, 765; Matter of Khost v Ciampi, 189 AD3d 1409, 1410).
CONNOLLY, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court